UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rayco DelShaune Traylor, | Case No. 24-cv-1275 (JWB/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Minnesota Dep't of Corrections, et al., | |
| Defendants. | |

IT IS HEREBY ORDERED THAT:

1. The application to proceed *in forma pauperis* of Rayco DelShaune Traylor [Dkt. No. 2] is GRANTED.

2. Traylor must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Traylor does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to [PLAINTIFF] by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from defendants Binkley, Connors, Witter, Klok, Teresa Kincannon, Seth Olive, Jayee Browne, Lucus B. Evenson; Adam Perry; Brian Louis; Pawelk; Jamison A. Doeden; Halvorson, Traci McNamara, Milender, and Tran in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

1

4. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshals Service is directed to effect service of process on the State of Minnesota and the agents of the State of Minnesota sued in their official capacities consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6. Traylor must pay the unpaid balance ($342.65) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Traylor is confined.

7. Traylor's motion for appointment of counsel [ECF No. 5] is DENIED WITHOUT PREJUDICE. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). It is not yet apparent that appointment of counsel would benefit either plaintiff or the Court. Traylor has presented his claims with reasonable clarity, and this

Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf. This Court will reconsider sua sponte whether appointment of counsel is appropriate should circumstances dictate.

Dated: July 11, 2024

*s/ Tony N. Leung*

_____
Tony N. Leung
United States Magistrate Judge

3