# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rayco DelShaune Traylor,

        Plaintiff,

v.

Minnesota Dept of Corrections, *MNDOC – sued in its official capacity*; Binkley, *Lt. – sued individually*; Connors, *Captain – sued individually*; Oak Park Heights Corr. Facility, *sued in its official capacity*; Witter, *Discipline Staff – sued in their individual capacities*; Klok, *Discipline Staff – sued in their individual capacities*; Teresa Kincannon, *Nurse – sued in her individual capacity*; Seth Olive, *Employed by DOC – sued in their individual capacities*; Jayee Browne, *Employed by DOC – sued in their individual capacities*; Lucus B Evenson, *Employed by DOC – sued in their individual capacities*; Adam Perry, *Employed by DOC – sued in their individual capacities*; Brian Louis, *Employed by DOC – sued in their individual capacities*; Pawelk, *AWO and Warden's Asst. at Oak Park Heights – sued in her individual and official capacities*; Jamison A Doeden, *sued in her official and individual capacities*; Halvorson, *Warden of Oak Park Heights – sued in her individual and official capacities*; Traci McNamara, *Health Services Administrator – sued in her individual and official capacities*; Milender, *Health Services Practitioner – sued in his individual capacities*; and Kevin Tran, *Dentist – sued in his individual and official capacities*,

        Defendants.

Civ. No. 24-1275 (JWB/SGE)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") on November 24, 2025, recommending summary judgment in favor of Defendants and dismissal of Plaintiff Rayco DelShaune Traylor's ("Traylor") Complaint. (Doc. No. 143.) On December 8, 2025, Traylor filed a "Response to 'Defendants' Memorandum in Opposition to Plaintiff's Motion'" ("Response") that is construed as an objection to the R&R. (Doc. No. 144.) For the reasons stated below, Traylor's objection is overruled, and the R&R is accepted.

## BACKGROUND

Traylor alleges that his constitutional rights were violated by medical and corrections staff at the Minnesota Correctional Facility at Oak Park Heights. (*See* Doc. No. 1.) He asserts that Defendants used excessive force, denied him his due process rights, were deliberately indifferent to his serious medical needs, and violated numerous state laws following a scheduled medical appointment with Defendant Milender on January 3, 2024. (*Id.* at 11–12.)

## DISCUSSION

**I.     Standard of Review**

District courts review de novo the portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b)(3). Objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). If no specific objections are made, then the R&R is reviewed for clear error.

*Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Documents filed by a pro se litigant are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. Analysis

Although the R&R considers Defendants' summary judgment motions, Traylor's Response refers to the denial of a summary judgment motion that he purports to have filed, despite there being no such motion in the record. (*See, e.g.*, Doc. No. 144 at 1.) Thus, Traylor's Response will be liberally construed as an objection to the R&R.

Traylor contends that the available video evidence is "incontrovertible" and "agrees 100%" with his pleading. (*Id.*) He claims that staff reports were "narrated against" him and "don't parallel the complaint nor the video," and that he presented "undisputed facts" that were "simply denied" by the Magistrate Judge in "clear error." (*Id.*)

Although timely filed, Traylor's objection is overruled. Repeated and generalized assertions that the record indisputably supports the allegations are insufficient to trigger de novo review. *See, e.g.*, *Williams v. Moore*, Civ. No. 22-1629 (WMW/LIB), 2024 WL 35711, at *2 (D. Minn. Jan. 3, 2024). In the absence of specific objections, the R&R will be reviewed for clear error. *Grinder*, 73 F.3d at 795.

No clear error exists. The R&R thoroughly addresses video footage, sworn affidavits, medical records, and prison incident reports describing the incidents, and concludes that there is no genuine dispute over the alleged claims. (Doc. No. 143 at 2–10.) It specifically analyzes how the record evidence does not raise genuine fact issues on the key elements of Traylor's claims. (*See, e.g.*, *id.* at 15–16.) Thus, the recommendation

3

that summary judgment be granted as to Traylor's individual capacity claims against Defendants Browne, Olive, Evenson, Perry, Louis, Binkley, Connors, Halvorson, Klok, Witter, Pawelk, Doeden, Kincannon, McNamara, Tran, and Milender is accepted.

Traylor does not object to the R&R's finding that Eleventh Amendment sovereign immunity bars his § 1983 claims against the Minnesota Department of Corrections and Oak Park Heights Correctional Facility, and against Defendants Halvorson, Doeden, McNamara, Pawelk, and Tran in their official capacities. Nor does he challenge the R&R's recommendation to dismiss his state law claims. No clear error is found as to the R&R's findings regarding these claims.

## ORDER

Based on the R&R of the Magistrate Judge, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Rayco DelShaune Traylor's Objection to the November 24, 2025 Report and Recommendation (Doc. No. 144) is **OVERRULED**.

2. The November 24, 2025 Report and Recommendation (Doc. No. 143) is **ACCEPTED**.

3. The Motion for Summary Judgment filed by Defendants Binkley, Jayee Browne, Connors, Jamison A Doeden, Lucus B Evenson, Halvorson, Teresa Kincannon, Klok, Brian Louis, Traci McNamara, Minnesota Dept of Corrections, Oak Park Heights Corr. Facility, Seth Olive, Pawelk, Adam Perry, Kevin Tran, and Witter (Doc. No. 78) is **GRANTED**, and Plaintiff's 42 U.S.C. § 1983 claims against them are **DISMISSED**.

4. Defendant Milender's Motion for Summary Judgment (Doc. No. 49) is

4

**GRANTED**, and Plaintiff's 42 U.S.C. § 1983 claim against Milender is **DISMISSED**.

5.  Plaintiff's state law claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: February 5, 2026                         *s/ Jerry W. Blackwell*
                                               JERRY W. BLACKWELL
                                               United States District Judge